FILED
SUPERIOR COURT -
OF GUAM

2025 MAR -6 PM 4: 06

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| IN THE MATTER OF THE ESTATE<br><br>OF<br><br>JOSE AGUON PANGELINAN,<br><br>Deceased. | PROBATE CASE NO. PR0004-24<br><br>**DECISION AND ORDER**<br>*Re: Petition for Letters of Administration or*<br>*Letters of Administration with Will Annexed* |
| --- | --- |

This matter came before the Honorable Arthur R. Barcinas on December 3, 2024, for a hearing on a Petition for Letters of Administration or Letters of Administration with Will Annexed ("Petition"), filed by Attorney Oliver W. Bordallo, petitioner and attorney for creditor Family Finance Company, Inc. ("FFC"). Attorney Bordallo appeared at hearing to argue for the Petition. Heir Gregory Schacher appeared *pro se* to argue his objections to the Petition.

## BACKGROUND

There are two competing Petitions in this case. On January 8, 2024, Schacher filed a Petition for Probate of Will and for Letters Testamentary in the Estate of Jose Aguon Pangelinan ("Estate"), asserting that he was named as Executor in the Decedent's will. On February 20, 2024, the Court held a hearing on the January 8, 2024 Petition, where the Court advised Schacher to seek counsel due to there being other beneficiaries named in the will. On May 20, 2024, the Court issued an Order finding that Schacher had effectively engaged in the unauthorized practice of law by presenting pleadings on behalf of the other heirs despite not being admitted to practice

in Guam. For this reason, the Court ordered Schacher to find an attorney to represent the Estate, and further ordered that if no attorney was hired to represent the Estate within ninety (90) days, the case would be dismissed. On the same day, Attorney Bordallo filed an opposition to Schacher's Petition, asserting that the Decedent had evaded payment of his debts by fraudulently transferring property to various parties, including Schacher.

On August 6, 2024, Attorney Bordallo filed the instant Petition on behalf of FFC as a creditor of the Decedent. In the Petition, Bordallo asserts that he is qualified to administer the Estate pursuant to 15 GCA § 1805.

On August 19, 2024, Schacher filed a Request for More Time to Seek Counsel, asserting that he had met and consulted with several attorneys without success.

On November 5, 2024, Schacher filed an objection to the Petition pro se, alleging that it would be a conflict of interest for Attorney Bordallo to serve as administrator of the Estate on the grounds that he is already "the representative of a creditor with financial claims against the estate." Obj., at 1.

On December 2, 2024, Attorney Bordallo filed a reply, asserting that, because Decedent allegedly fraudulently transferred real property, then any fraudulently transferred real property must be recovered for the benefit of creditors, pursuant to 15 GCA § 2211(c). Attorney Bordallo further asserted that the administrator of the Estate may be required to prosecute a quiet title action to determine the validity of numerous transactions purportedly selling or transferring Decedent's interests in multiple properties, and that Schacher has neither the expertise nor the resources to undertake that work.

On December 3, 2024, the Court heard arguments on the Petition, and Schacher again appeared pro se, more than ninety (90) days after both the Court's order and his Request for More

Time to Seek Counsel. Prior to the hearing, Schacher had filed a Motion to Rescind Order Requiring Counsel and to Reconsider Approving Petition for Probate of Will and for Letters Testamentary, arguing that he has a legal right to self-representation, and that he has "made every effort to adhere to [legal protocols.]"

After the hearing, the Court took the matter under advisement.

## DISCUSSION

Pursuant to 15 GCA § 1805(a)(8), creditors may be appointed to serve as administrators of an estate if no qualified heirs or named executors are able to serve. "No natural person is competent to serve as an executor who ... is adjudged by the Superior Court of Guam incompetent to execute the duties of the trust by reason of drunkenness, improvidence, or want of understanding or integrity." 15 GCA § 1701(c)(5).

Under Guam law,

> if the person named in a will as executor, for thirty (30) calendar days after he has knowledge of the death of the testator and that he is named as executor, fails to petition the Superior Court of Guam for the probate of the testator's will and that letters testamentary be granted to him, he may be held to have renounced his right to letters , and the Superior Court of Guam may grant letters of administration with the will annexed to another competent person, unless good cause for the delay is shown.

15 GCA § 1505.

"The Superior Court of Guam shall appoint an administrator with the will annexed in the first instance, and shall grant to such appointee letters of administration with the will annexed upon proper petition therefor, when a decedent's will has been duly proved and ... [t]he sole executor or all the executors named in the will fail to apply for letters testamentary." 15 GCA § 1725(a)(4).

While Schacher has been named as executor in the will, he has failed to comply with the Court's order to retain counsel within ninety (90) days to continue his petition, despite multiple extensions, opportunities, and an express statement from the Court that he cannot continue without counsel because he would effectively be engaged in the unauthorized practice of law. Whether his failure to comply was willful or due to ignorance, in either case, the Court does not find Schacher competent to serve as executor by reason of either improvidence or want of understanding and thus disqualifies him from serving as the Estate's personal representative.

FFC, as a secured creditor of the Decedent, has demonstrated a substantial interest in the administration of the estate, which it is not legally barred from doing, and FFC's nominee, Attorney Bordallo, is a licensed attorney with the qualifications necessary to effectively manage the estate, recover any necessary assets, and resolve any outstanding creditor claims. Further, as an officer of the Court, Attorney Bordallo is sworn by oath to act forthrightly and conduct himself professionally. Thus, there being no other viable party with higher priority under 15 GCA § 1805(a) than FFC, the Court finds it appropriate to **GRANT** the Petition.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Attorney Oliver W. Bordallo's Petition for Letters of Administration or Letters of Administration with Will Annexed and appoints Attorney Bordallo to serve as the personal representative of the Estate.

**IT IS SO ORDERED** _____MAR 0 6 2025_____.

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to: *GREGORY SCHACHER - PRO SE*
*OLIVER BORDALLO, ESQ.*

MAR 0 6 2025 Date: Time: 4:15 PM.

*Edna M. Nego*
Deputy Clerk, Superior Court of Guam

Page 4 of 4